ELEANOR WILLIAMS, PLAINTIFF-APPELLANT, v. DOMINIC GUERRERI, DEFENDANT-RESPONDENT.

Argued January 22, 1947—Decided July 29, 1947.

Before CASE, CHIEF JUSTICE, and Justices HEHER and COLIE.

For the appellant, *Elwood C. Weeks.*

For the respondent, *Cole & Cole.*

The opinion of the court was delivered by

HEHER, J.   On October 6th, 1945, automobiles driven by the plaintiff and the defendant collided at the junction of New Road and Washington Avenue, in Pleasantville; and the jury found for defendant in an action brought by plaintiff to recover damages for injuries to person and property. Judge Burling refused a rule to show cause why a new trial should not be granted.

A ruling on evidence is assigned for error.   A medical expert called as a witness by defendant was asked this question on re-direct examination: "But it is your opinion from your examinations of her complaints, her alleged injuries, that she should now have fully recovered from such injuries as she sustained on October 6th, 1945?"   The reply was: "Yes, she should be recovered."   The objection, seasonably made, was that the question was "leading, and it has already been covered."   It is now urged that plaintiff had not recovered from her injuries, to the knowledge of the witness, who had previously so testified, and that the question was designed to inject the unwarranted insinuation that plaintiff was a malingerer and in this wise, by psychological suggestion, to prejudice the jury against her, both as to the extent of her injuries and the proximate cause of the collision, and thereby to deny her a "fair trial."

Thus, the grounds now urged in support of the exception were not those presented to the judge; and it is fundamental that grounds not advanced in the trial court to sustain the objection there made will not be considered on appeal.   Rule 144 of this court so provides.   *Vide Schreiner* v. *New York and New Jersey Telephone Co.*, 82 *N. J. L.* 743; *Garrison* v. *Newark Call Printing and Publishing Co.*, 87 *Id.* 217; *Lyon* v. *Fabricant*, 113 *Id.* 62; *Schlosser* v. *Goldberg*, 123 *Id.* 470.   Without necessarily suggesting that such is the nature of the particular query, the propriety of a leading question is ordinarily a subject within the realm of sound judicial discretion, involving the special circumstances and the nature and tenor of the questions and answers that have gone before; and the ruling in respect thereof will not constitute a ground for reversal unless there has been such abuse

of discretion as to prejudice the substantial rights of the losing party. *Chambers* v. *Hunt*, 22 *Id.* 552; *Luckenbach* v. *Sciple*, 72 *Id.* 476; *Crosby* v. *Wells*, 73 *Id.* 790; *State* v. *Van Ness*, 82 *Id.* 181; *affirmed*, 83 *Id.* 801; *Finkelstein* v. *Geismar*, 91 *Id.* 46; *affirmed*, 92 *Id.* 251; *State* v. *Merra*, 103 *Id.* 361.

There was no abuse of discretion in this instance. Indeed, as stated by appellant's attorney on the objection below, the subject-matter had "already been covered" by the witness. And whether a question is objectionable on the ground that it is repetitious also involves the exercise of judicial discretion. *State* v. *Kaskevich*, 98 *N. J. L.* 23; *affirmed, Ibid.*, 902. The witness had already given, on cross-examination, the evidence elicited from him by this question, and the same testimony was adduced, without exception, upon the cross-examination of appellant's attending physician; and thus there was no prejudicial error within the intendment of *R. S.* 2:27–363. See *State* v. *Merra, supra*. And what the witness said could not have been harmful in the face of his testimony that appellant had not in fact "recovered."

Error is also predicated of the judge's refusal to charge, as requested by appellant, that in determining the "speed of either motor vehicle," the jury were "entitled to consider, with the other evidence, what course the respective cars took after the impact and where they landed or stopped after the impact."

We are of opinion that the subject-matter of this request was charged in substance and effect, and the ruling did not therefore constitute prejudicial error within the purview of *R. S.* 2:27–363, *supra*. Upon a view of the instructions as a whole, we are convinced that it was within the understanding of the jury that these were circumstances to be considered in determining the speed of the colliding vehicles; and this is the test of the soundness of the ruling under consideration. It was entirely discretionary with the judge whether the matters set down in the tendered instruction should be thus singled out for special mention and emphasis on the issue of speed. It is utterly unreasonable to suppose that a jury of practical men would not perceive their relevance on that inquiry. as it

was outlined by the charge. Indeed, the request in its essence embodied matters of fact of common knowledge. *Vide Consolidated Traction Co.* v. *Chenowith,* 58 *N. J. L.* 416; *affirmed,* 61 *Id.* 554; *Battschinger* v. *Robinson,* 83 *Id.* 739; *Coolbaugh* v. *Atlantic Motor Finance Co.,* 101 *Id.* 215; *Nass* v. *Harris,* 117 *Id.* 427. The instructions laid down an accurate statement of the governing legal principles; and the jury were guided in the application of these principles to the facts of the case in language so clear and explicit as reasonably to insure against misconception.

Judgment affirmed.